**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**DEMETRIUS GOHRE,**

**Plaintiff,**

**v.** **Case No. 26-C-1681**

**OFFICER KRAUSE,**
**LINDSAY WALKER,**
**CAPTAIN BONFIGLIO, and**
**JOHN DOE MAINTENANCE WORKER,**

**Defendants.**

---

# SCREENING ORDER

---

Plaintiff Demetrius Gohre, who is currently serving a state prison sentence at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Gohre's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

## MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Gohre has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Gohre has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $1.19. Gohre's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## Allegations of the Complaint

Gohre asserts that for at least five months, from November 2023 through March 2024, he was housed in a cell where the window would not shut. He states that during that time his cell temperatures ranged between forty degrees and below twenty degrees. Gohre asserts that he notified multiple people about the broken window and freezing cell temperatures, but only a few made any effort to address the issue.

According to Gohre, he first notified Officer Krause, who neither moved Gohre to a new cell nor submitted a work order. Gohre alleges that Krause later told his cellmate that he would have had the window fixed, but Gohre "had [him]fucked up." Gohre explains that this comment was in reference to inmate complaints that Gohre had submitted about a different incident.

Gohre also asserts that he spoke with the unit sergeant (not a Defendant), who put in a work order and gave Gohre and his cellmate plastic bags and tape to put over the window. Gohre then repeatedly told Unit Manager Lindsay Walker about the broken window, but she only instructed him and his roommate to remove the plastic and towels from the window. She never responded to Gohre's written requests, and she never placed a work order to have the window fixed.

According to Gohre, in March, officers removed the plastic bags from the window. Captain Bonfiglio, who was supervising the search, asked Gohre where he had gotten the bags from. Although Gohre explained that the window was broken, Captain Bonfiglio did not place a work order to have the window fixed, nor did he move Gohre to a new cell.

Finally, Gohre asserts that he spoke to maintenance about the window multiple times. A John Doe maintenance worker came to his cell to fix it but left without doing anything. Although

he said he would return, he never did. Gohre was finally moved to a new cell in April 2025 by an officer who was not a regular officer on the unit.

## THE COURT'S ANALYSIS

"The Eighth Amendment prohibits the States from subjecting prisoners to conditions of confinement amounting to cruel and unusual punishment." *Giles v. Godinez*, 914 F.3d 1040, 1051 (7th Cir. 2019) (citations omitted). To state a claim, a plaintiff must allege that "the conditions are sufficiently serious—*i.e.*, that they deny the inmate the minimal civilized measures of life's necessities, creating an excessive risk to the inmate's health and safety," and that the defendants were deliberately indifferent to that risk. *Id.* (citations omitted). With the foregoing legal principle in mind, the Court will allow Gohre to proceed on an Eighth Amendment claim against the Defendants based on allegations that they failed to address his complaints about the freezing temperatures in his cell due to a broken window. Gohre does not know the name of the John Doe maintenance worker, so after the named Defendants respond to the complaint and the Court enters a scheduling order, Gohre will have to use discovery to learn the maintenance worker's name.

Gohre also states a retaliation claim against Krause based on allegations that Krause made no effort to fix the broken window or move Gohre to a different cell because Gohre had previously filed inmate complaints about him. *See Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015) (to plead a retaliation claim, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action").

**IT IS THEREFORE ORDERED** that Gohre's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Gohre's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Officer Krause, Lindsay Walker, and Captain Bonfiglio.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Officer Krause, Lindsay Walker, and Captain Bonfiglio shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Gohre shall collect from his institution trust account the $348.81 balance of the filing fee by collecting monthly payments from Gohre's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Gohre is transferred to another institution, the transferring institution shall forward a copy of this Order along with Gohre's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Gohre is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all

inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

Honorable William C. Griesbach
c/o Office of the Clerk
United States District Court
Eastern District of Wisconsin
125 S. Jefferson Street, Suite 102
Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Gohre is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this 28th day of October, 2026.

William C. Griesbach
United States District Judge